

Criminal Appeals Bureau
199 Water Street
New York, NY 10038
(212) 577-3564
www.legal-aid.org

Tel (212) 577-3451
RJoselson@legal-aid.org

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

David Loftis
*Attorney-in-Charge*
*of Post-Conviction and Forensic Litigation*

> The Order to Show Cause is hereby cancelled. This case has been referred for review to the Honorable Stewart D. Aaron, Magistrate Judge for the Southern District of New York.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: April 2, 2020
> New York, New York

**MEMO ENDORSED**

April 2, 2020

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Medlin v. Keyser, 18-CV-05928

Your Honor:

I write, on behalf of myself and my co-counsel, Jeffrey Dellheim, in connection with the order to show cause hearing in this case that is presently scheduled for April 8, 2020. Mr. Dellheim spoke with your Law Clerk yesterday and she suggested that we memorialize our position on the matter in a letter to the Court. We hope that this letter will serve as a substitute for a personal appearance, but should the Court desire a personal appearance, we would ask, in view of the Covid-19 crisis, that the date of that appearance be adjourned.

As the Court is aware, we filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 on Mr. Medlin's behalf on June 29, 2018. The petition argued that Mr. Medlin had been denied the effective assistance of counsel at trial on two different theories. First, we argued that Mr. Medlin's trial counsel had been ineffective for failing to consult a medical expert in this child sexual abuse case. Next, we argued that counsel was ineffective as well for failing to consult an expert on Child Sexual Abuse Accommodation Syndrome to counter an expert called by the State on this issue. In support of these claims, the petition contained a summary of the factual allegations supporting each of these legal theories. *See* Habeas Petition, Attachments 12(a) & 12(b). These allegations included claims that a leading New York University medical expert, retained by Mr. Medlin's post-conviction counsel, found, based upon the child's medical records and the testimony of the treating physician, that it was "more likely" that sexual abuse was not the cause of the injuries on the child's medical records. In addition, these allegations included the claim that Mr. Medlin's trial counsel had failed to challenge testimony proffered by the State by the very expert who had been condemned by a

**Justice in Every Borough.**

federal habeas court (in a decision subsequently affirmed by the Second Circuit) for offering scientifically debunked testimony regarding Child Sexual Abuse Accommodation Syndrome.

We believed that, under Rule 4 of the Rules Governing Section 2254 Cases, the clerk of the court, and not the petitioner, was tasked with serving a copy of the petition "on the respondent and on the attorney general or other appropriate officer of the state involved," *see* Rule 4, and, therefore, we did not affect such service when we initiated the case through the ECF system. We further thought that, again pursuant to Rule 4, the next step was for the Court to review the petition preliminarily to determine whether, on its face, it demonstrated that Mr. Medlin was not entitled to relief. If the Court did not deny the petition outright, as we hoped it would not, we believed that it would then issue an order directing the State to respond. *See* Rule 4; *Green v. Wright*, 2019 WL 7879730 at *9 (S.D.N.Y. 2019), *see Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012). At this juncture, we had intended to reach out to the State to propose a briefing schedule for the Court's approval. When the Court issued its order to show cause on February 24, 2020, we realized that we may have misunderstood the applicable procedures. Mr. Dellheim then completed work on an extensive memorandum of law supporting the petition. We filed this memorandum of law, through ECF, on March 20, 2020.

Let me be clear. Neither Mr. Dellheim nor I practices extensively in federal court, and we may have misunderstood the application of Rule 4 to a case such as this. It was never, however, our intention to neglect or abandon this petition. To the contrary, we filed this petition in the first instance to preserve petitioner's right to have these claims resolved in federal habeas corpus proceedings. These claims were vigorously litigated in the state courts, encompassing more than 500 pages of briefs and motion practice. To the extent we were mistaken about the applicable procedures, we ask that the Court not allow our errors to prejudice Mr. Medlin, particularly in light of the fact that an extensive memorandum of law, detailing the claims underlying this petition, has now been filed.

Thank you very much for your consideration. If the Court would still like us to appear on this matter, we are happy to do so. Given the Covid-19 emergency, however, we would request that the scheduled April 8, 2020, appearance be adjourned to a later date.

Respectfully submitted,

Richard Joselson
The Legal Aid Society – Criminal Appeals Bureau

**Justice in Every Borough.**